The Honorable Pat Pappas State Representative 2901 Willow Pine Bluff, Arkansas 71603
Dear Representative Pappas:
You have requested an official Attorney General's opinion concerning a constituent who owns both a bail bond company and a company that provides services to courts. Both companies are incorporated under Arkansas law. The service that the second company provides to courts is the handling of accounts payable for court fines. The company also provides a service of managing "failure to appear" and "failure to comply" warrants for courts.
You have presented the following specific questions:
 (1) Does the ownership of both companies violate the bail bond regulations?
 (2) Would the company that provides services to courts be subject to regulation by the State Board of Collection Agencies?
RESPONSE
Question 1 — Does the ownership of both companies violate the bail bondregulations?
It is my opinion, assuming that your description of the court services company is accurate, that the ownership of both companies violates both the bail bond regulations and the statutes governing bail bond companies.
Section 17 of the Professional Bail Bond Company and Professional Bail Bondsman Licensing Board's Rule and Regulation No. 1 states:
 A bail bond company license shall not be issued or renewed if any owner, partner, stockholder or officer:
* * *
B. Is regularly or frequently employed by:
(1) A court of law. . . .
Rule and Regulation 1, Section 17.
The information that you have provided about the court services company that is owned by your constituent indicates that the company seeks to obtain contracts with courts for its services. If it were successful in this endeavor, it would then be "regularly or frequently employed by a court of law."[1]
Although it could be argued that because the court services company is a separate corporate entity, it is not an "owner, partner, stockholder or officer" of the bail bond company, within the meaning of the above-quoted regulation, and therefore does not fall within the prohibition of that regulation. In my opinion, such a literal interpretation of this regulation would have the effect of defeating the regulation's purpose. The regulation is obviously directed at preventing conflicts of interest. When the same individual owns two companies that perform potentially conflicting services, a conflict of interest can arise despite the fact that the two companies are separately incorporated.
I believe that this broader interpretation should also apply to A.C.A. §17-19-105, which states:
 No professional bail bondsman or professional bail bond company, nor court, nor law enforcement officer nor any individual working on behalf of a professional bail bondsman or professional bail bond company, shall:
* * *
(5) Pay a fee or rebate or give or promise anything of value to:
 (A) A jailer, policeman, peace officer, committing magistrate, or any other person who has power to arrest or to hold in custody. . . .
A.C.A. § 17-19-105.
When your constituent's court services company enters into a contract with a court, it does, in fact, promise something of value — its services — to an entity who has "power to arrest and hold in custody," within the meaning of the above-quoted prohibition. Although, again, it might be argued that the court services company, being a separate corporation, is not legally the bail bond company, it is my opinion that such a literal interpretation of the statute would defeat its purpose of preventing objectionable conflicts of interest. I note that a court has not addressed this aspect of the issue you have raised, and that a court might reach a different conclusion than I have reached. Nevertheless, in the absence of authority to the contrary, I believe that my broader interpretation of the regulations and statutes is reasonable and consistent with the apparent legislative and administrative intent.
For these reasons, I conclude that ownership of the two companies violates both the bail bond regulations and the bail bond statutes.
Question 2 — Would the company that provides services to courts besubject to regulation by the State Board of Collection Agencies?
It is my opinion, assuming that your description of the court services company is accurate, that the court services company would be subject to regulation by the State Board of Collection Agencies.
I base this conclusion on the language of 17-24-101, which defines regulable "collection agenc[ies]" as follows:
 As used in this chapter, unless the context otherwise requires," collection agency" means any person who works with or employs one (1) or more other persons, or any partnership, corporation, or association which engages in the collection of delinquent accounts, bills, or other forms of indebtedness, or any person, partnership, corporation, or association using a fictitious name or any name other than their own in the collection of their own accounts receivable, or any person, partnership, corporation, or association which solicits claims for collection.
A.C.A. § 17-24-101.
According to the information you have provided about the court services company, it engages in the collection of amounts owed to courts for fines. These amounts owed on fines constitute a "form of indebtedness," within the meaning of the definition of "collection agency," quoted above. Moreover, the court services company does not appear to fall within any of the categories of entities and persons who are exempt from regulation under A.C.A. § 17-24-102.[2]
I therefore conclude that the court services company is subject to regulation by the State Board of Collection Agencies.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] I note that it could be argued that the term "employed by," as used in the quoted provision, does not encompass independent contractors, such as your constituent's court services company. In my opinion, such a narrow interpretation of the term would defeat the purpose of the statute, which is to prevent objectionable conflicts of interest. See
discussion hereinafter. Moreover, the provision's use of the terms "regularly employed" and "frequently employed" appear to indicate an administrative intent that persons and entities who are not permanent employees (e.g., independent contractors) be subject to the prohibitions of the regulation.
[2] The exemptions are stated as follows:
17-24-102. Exemptions.
(a) The provisions of this chapter shall not be applicable to:
(1) Regular employees of a single creditor;
(2) Banks;
(3) Trust companies;
(4) Savings and loan associations;
(5) Abstract companies doing an escrow business;
 (6) Licensed real estate brokers and agents when the claims or accounts being handled by the broker or agent are related to or in connection with the broker's or agent's regular real estate business;
 (7) Express and telegraph companies subject to public regulation and supervision;
 (8) Attorneys at law handling claims and collections in their own names and not operating a collection agency under the management of a layman or under names other than their own;
 (9) Persons, firms, corporations, or associations handling claims, accounts, or collections under an order of any court; however, child support collection agencies not operating pursuant to Title IV-D of the Social Security Act are not exempt from this chapter and shall be subject to licensure; and
 (10) Any person, firm, corporation, or association which, for a valuable consideration, purchases accounts, claims, or demands of another which were not in default or delinquent at the time of acquisition and then, in such purchaser's own name, proceeds to assert or collect the accounts, claims, or demands.
 (b) Nothing in §§ 17-24-301, 17-24-309, 17-24-401, or this section with respect to licensure by the State Board of Collection Agencies, or limitations of fees for collection services, shall include or be applicable to attorneys at law licensed to practice in the State of Arkansas who are engaged in rendering legal services for clients in the collection of accounts, debts, or claims, nor shall §§ 17-24-301, 17-24-309, 17-24-401, or this section amend or repeal in any way the exemptions set out in subsection (a) of this section.
A.C.A. § 17-24-102. It is possible that section (9), above, could operate to exempt a contract with your constituent's company if it were entered into pursuant to an order of a court.